Nathaniel Clark, Esq. (SBN 276621)
LAW OFFICES OF SCOTT WARMUTH, APC
17700 Castleton Street, Suite # 168
City of Industry, California 91748
Telephone: (626) 363-2150
Facsimile:  (626) 642-0808
nclark@law888.com

ATTORNEYS FOR PLAINTIFF MEI MA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEI MA, an individual,<br><br>                        Plaintiff,<br><br>        vs.<br><br>CLIENT SERVICES, INC., and<br>DOES 1-10,<br><br>                        Defendants. | CASE NO.<br><br>**COMPLAINT FOR**<br><br>**(1) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,**<br>47 U.S.C. § 227(b), *ET SEQ.*;<br><br>**(2) DO NOT CALL LIST VIOLATIONS,**<br>47 U.S.C. § 227(c)(5);<br>47 C.F.R. §64.1200(c)(2); |

Plaintiff Mei Ma ("Plaintiff") alleges the following upon information and belief and personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff seeks damages and any other available legal or equitable remedies resulting from the illegal actions of Client Services, Inc., and other defendants presently unknown, ("Defendants") in negligently, knowingly, willfully, and/or intentionally causing an automatic dialer to dial Plaintiff's cellular phone line in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby violating Plaintiff's federal statutory rights, and invading her right to privacy, without her prior express consent.

2.     Defendants' actions are related as each and every Defendant is attempting to collect debts from Plaintiff that are not owed by Plaintiff.

3.     On information and belief, all Defendants conspired and obtained Plaintiff's number from the same source and their actions are thus within a single nexus of collection efforts of which Plaintiff is the victim.

4.     Moreover, all Defendants contacted Plaintiff at the same cellular phone number ending in digits *3473, and continued to call Plaintiff despite the identification of Plaintiff's name in her voice message answering playback.  Thus, all Defendants knew or should have known they were not contacting the right consumer.

5.     Congress enacted the TCPA in 1991 to "protect the privacy interests" of consumers in response to the "increasing number of

consumer complaints" regarding "telemarketing calls and communications" made to both residential and wireless phones.[1]

6.     Here, Plaintiff's privacy was repeatedly violated by Defendants' actions.  Defendants invaded Plaintiff's privacy by calling Plaintiff early in the morning when she was at work or preparing for work.  This directly wasted Plaintiff's time, and caused stress and annoyance.  The stress was heightened by the fact that Defendants repeatedly called Plaintiff about a debt Plaintiff did not owe. This worried Plaintiff that she might somehow mistakenly be subjected to undue legal process.  Moreover, the calls continued almost daily and would force Plaintiff to check her phone during random hours. There was no opt-out system provided.  This made Plaintiff feel helpless to stop the calls and ultimately forced her to retain consumer counsel for protection.

7.     The TCPA defines an automated telephone dialing system ("ATDS") as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers". (47 U.S.C. § 227(a)(1).)

8.     The Federal Communications Commission ("FCC"), which Congress vested with authority to prescribe regulations implementing the TCPA's requirements, has interpreted an ATDS as "cover[ing] any equipment that has the specified capacity to generate numbers and dial them without human intervention, regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *In re the Rules and Regulations Implementing the*

---

[1] Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968; *Id.* at 1969; *see, also* PL 102-243, December 20, 1991, 105 Stat 2394.

*Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014, 14017 (2003).

9.   The FCC ruled that the TCPA's use of the term "capacity" in the definition of "automatic telephone dialing system" does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. *Id.* ¶ 15. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.* ¶ 16. *Fontes v. Time Warner Cable Inc.*, No. CV14-2060-CAS(CWX), 2015 WL 9272790, at *2 (C.D. Cal. Dec. 17, 2015). Consequently, "[c]allers cannot avoid obtaining consumer consent for a robocall simply because they are not "currently" or "presently" dialing random or sequential phone numbers". *July 10, 2015 FCC Declaratory Ruling and Order* at ¶ 2.

10.   The TCPA specifically prohibits the use of an ATDS to contact consumers on their cellular phones without the prior express consent of the called party. (47 U.S.C. § 227(b)(1)(A)(iii).)

11.   "Prior express consent" may be revoked "using any reasonable method including orally or in writing." *See, In re the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling and Order, FCC 15–72 (CG Dkt. No. 02–278, WC Dkt. No. 07–135) at ¶ 64 (July 10, 2015).

12.   The TCPA also specifically prohibits the use of pre-recorded voice messages in telephone calls to cellular phones without the called party's express prior consent. (*Ibid.*)

13.   The TCPA further prohibits a company from using automatic dialing machines and/or pre-recorded voice messages without employing rules, training and procedures to document and

avoid calls to the wrong party and provide appropriate consumer opt-out methods to prevent future calls. (47 C.F.R. § 64.1200(c)(2).)

14.    Plaintiff never consented, either implicitly or explicitly, to be contacted by Defendants through the use of an automatic dialer and/or pre-recorded voice message.

15.    Defendants knowingly and willfully caused an ATDS to repeatedly dial Plaintiff's cellular phone to contact Plaintiff in violation of the TCPA within the past four years prior to the filing of this Complaint.

16.    The phone calls were made without human intervention. Plaintiff would hear strange delays and noises when she picked up the phone.  Moreover, the calls would occur at similar times of the day, as if part of an automated calendar or schedule. On the few occasions a live person was reached, it was only after a significant delay which showed that the live person did not in fact make the call, and instead, the call was "routed" through the automatic system to a random collector.

17.    At all times, Plaintiff's number was registered with the National Do Not Call (DNC) list.

18.    Defendants invaded Plaintiff's privacy by repeatedly calling Plaintiff without prior express consent.

19.    Defendants called Plaintiff while Plaintiff was working, which wasted Plaintiff's time and caused annoyance and distraction.

20.    Defendants failed to provide any reasonable method of "opting out" or instructing Defendant to no longer call Plaintiff.

21.    Defendant Client Services, Inc., called Plaintiff using the number 800-521-3236:

4/14/2016   9:24 am
4/27/2016   8:07 am
4/28/2016   2:14 pm
5/2/2016    2:18 pm
5/3/2016    5:35 pm
5/4/2016    1:27 pm
5/5/2016    11:08 am
5/16/2016   11:51 am
5/19/2016   8:49 am
5/25/2016   12:40 pm
5/27/2016   11:21 am
6/1/2016    3:13 pm
6/6/2016    2:36 pm
6/8/2016    11:50 am

22.   All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A).

23.   Each call constitutes at least two separate and distinct violations of the TCPA because Plaintiff was registered on the DNC list.  (47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).)

24.   Each call constituted an additional (third) separate and distinct violation of the TCPA because Defendants failed to identify their name as it is registered with the Secretary of State. (47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(b)(1).)

25.   Defendants knowingly and willfully committed each and every violation of the TCPA.

26.   Plaintiff is entitled to statutory damages for Defendants' willful and negligent violations of each provision of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. § 64.1200 *et seq.*, including each of its prohibitions of specific telemarketing practices and specific requirements for the use

of autodialers and pre-recorded voice messages in the amount of $500 to $1500 per violation.

27.   Plaintiff is entitled to actual damages for the invasion of privacy, intrusion of daily affairs, and undue annoyance caused by Defendants' harassing robocalls.

28.   Plaintiff is entitled to damages for each and every violation, regardless of whether Defendants committed multiple violations within a single phone call.

## JURISDICTION

29.   This Court has federal question jurisdiction because this case arises out of Defendants' violations of the TCPA upon Plaintiff

30.   Venue is proper because Plaintiff, at the time of the violations, resided and was present in this judicial district, in which Defendants also currently conduct business and have availed themselves to jurisdiction by knowingly and/or willfully violating the TCPA within this judicial district by contacting Plaintiff on a cellular phone.

## PARTIES

31.   Plaintiff is a natural person who resided in Los Angeles County in the State of California at the time of the violations.

32.   Defendant Client Services, Inc. ("CSI"), is a Missouri corporation, doing business as "Client Services", that has availed itself to the jurisdiction of California and this Court by virtue of transmitting telephone calls that violate the TCPA to Plaintiff's cellular phone while Plaintiff resided in Los Angeles County.

33.   Unknown defendants authorized/ratified each and every action and omission of Defendants, and each of them.  All Defendants

shared Plaintiff's contact information with each other or obtained Plaintiff's contact information from the same source.

34.   All Defendants conduct business in California through the Internet and telephone solicitation, and knowingly violated the TCPA within Los Angeles County.

35.   Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

36.   All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for the allegations and damages alleged herein. Plaintiff will seek leave to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

## FIRST CAUSE OF ACTION
### *Use of Automatic Telephone Dialing System*
**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *ET SEQ.*; 47 C.F.R. § 64.1200, *ET SEQ.***

37.   Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

38.   The foregoing acts and omissions of Defendants constitute numerous and willful violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227, *et seq.,* cited herein.

39.   The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

"Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

        . . .

        (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

    (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

43.    Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages <u>for each and every violation</u>, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

///
///
///
///
///
///

### SECOND CAUSE OF ACTION
*Do-Not-Call List Violation - 47 C.F.R. §64.1200(c)(2)*
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)(5), *ET SEQ.*

44.    Plaintiff repeats and incorporates by reference into this cause of action each and every preceding and foregoing allegation set forth in this complaint.

45.    Defendants further willfully violated the TCPA by soliciting Plaintiff on her phone despite the fact that her number was at all times "registered . . . on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." (47 C.F.R. §64.1200(c)(2).)  Defendants do not maintain a written policy for compliance and do not properly train their personnel, and are in violation of 47 C.F.R. §64.1200(c)(2)(i).

46.    Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages <u>for each and every violation</u>, including multiple violations per call, pursuant to 47 U.S.C. § 227(c)(5), plus actual damages according to proof.

### PRAYER FOR RELIEF

47.    WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

      I.    As a result of Defendants' violations of 47 U.S.C. § 227(b), *et seq.*, and pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to and requests $500 in statutory damages <u>per violation</u>, or $1500 in statutory damages

<u>per violations</u> that were at least willful or knowingly committed;

II.   As a result of Defendants' violations of the Do-Not-Call List, and pursuant to 47 U.S.C. § 227(c)(5) and 47 C.F.R. §64.1200(c)(2), Plaintiff is entitled to and requests $500 in statutory damages <u>per violation</u>, or $1500 in statutory damages <u>per violations</u> that were at least willful or knowingly committed;

III.  For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

IV.   For actual damages according to proof;

V.    For costs;

VI.   And for any other relief that the Court deems just.

Feb. 15, 2016                     **LAW OFFICES OF SCOTT WARMUTH**

                              By    <u>*/s/Nathaniel Clark*</u>
                                    Nathaniel Clark, Esq.
                                    *ATTORNEYS FOR PLAINTIFF MEI MA*